UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WHEELER,<br><br>   Petitioner,<br><br>   v.<br><br>S.M. SALINAS, et al.,<br><br>   Respondents. | Civil No.   11-2872 MMA (BLM)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On December 8, 2011, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Pet.), together with a request to proceed in forma pauperis. (ECF Nos. 1-2.) On December 13, 2011, the Court granted Petitioner's motion to proceed in forma pauperis and dismissed the case without prejudice and with leave to amend because Petitioner had failed to state a cognizable federal claim pursuant to 28 U.S.C. § 2254. (ECF No. 3.) Petitioner was given until February 17, 2012, to file a First Amended Petition that stated a cognizable federal claim. (*Id.*) On February 21, 2012, Petitioner filed a First Amended Petition (FAP). (ECF No. 7.).

## **FAILURE TO STATE A COGNIZABLE CLAIM**

Petitioner's First Amended Petition suffers from the same defect as his original petition. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in

>behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Petitioner claims his federal due process rights were violated when prison authorities used the same individual as both an investigator and his staff assistant during a disciplinary hearing. (FAP at 6-7, ECF No. 7.) Petitioner was originally assessed a 60 day loss of worktime credit, but this credit loss was reversed on appeal. (*See* Pet. at 18-19, 23, ECF No. 1.) Petitioner alleges that as a result of the disciplinary proceedings, he was placed in administrative segregation, had his pay position within the prison taken away from him, personal property was taken, and the records of the disciplinary hearing will be used in future parole determinations. (FAP at 2-3, 6, ECF No. 7.)

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that the liberty interest arising from prison regulations regarding disciplinary hearings entitle the prisoner to: (1) written notice of the charges at least 24 hours in advance of the hearing; (2) a written statement indicating upon what evidence the fact finders relied and the reasons for the disciplinary action; (3) the opportunity to call witnesses and present documentary evidence when doing so will not be unduly hazardous to institutional safety or correctional goals; and (4) an impartial fact finder. *Wolff*, 418 U.S. at 564-71. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court found that a state-created liberty interest under the Due Process Clause of the Fourteenth Amendment arises if the challenged action "will inevitably affect the duration of his sentence," or result in conditions of confinement which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484, 487. Petitioner has not alleged the deprivation of a liberty interest under *Sandin* because he has not lost custody credits as a result of the disciplinary proceedings, nor has he alleged

1 significant changes in the conditions of his confinement as a result of the disciplinary proceedings.

Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974). Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a section 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

## CONCLUSION

For the reasons stated above, the Court **DISMISSES** this case without prejudice. ***The Clerk of Court is directed to mail Petitioner a blank complaint form pursuant to 42 U.SC. § 1983 together with a copy of this Order.***

**IT IS SO ORDERED.**

DATED: February 23, 2012

*[signature]*

Hon. Michael M. Anello
United States District Judge